Eastern District of Kentucky
F I L E D
JUL -2 2018
AT ASHLAND
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

CIVIL ACTION NO. 18-65-HRW

JASON AND TINA HAMBELTON, PLAINTIFFS,

v.  **MEMORANDUM OPINION AND ORDER**

STATE FARM FIRE AND CASUALTY COMPANY.
and
LINDSEY PATTON, DEFENDANTS.

This matter is before the Court on its own motion based on the Court's inherent power and duty to insure the requirements for subject matter jurisdiction are satisfied in all cases.

Notice of Removal [Docket No. 1] in the above-styled action states that this Court may exercise subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1332. Upon review of the Notice, this Court found that a serious question existed as to whether it may properly exercise jurisdiction over this matter. Specifically, in setting forth the basis for removal, Defendants maintain that Lindsey Patton has been fraudulently joined as parties so as to defeat federal jurisdiction. This Court directed the parties to submit briefs in this regard [Docket No. 4]. Having reviewed the parties' submissions [Docket Nos. 5 and 6], as well as the record herein, the Court finds that Defendants have not met the stringent requirements for establishing fraudulent joinder, and, as such, remand is warranted

I.

On February 7, 2018, a six-foot portion of the cinderblock foundation of the Hambeltons'

home collapsed. [Complaint, Docket No. 1-1, ¶ 10]. At all relevant times, the Hambeltons had insurance coverage for their home through Defendant State Farm, Policy Number 17-BY-G955-1. *Id.* at ¶¶ 6-9.

On February 13, State Farm's adjuster, Defendant Linsdey Patton, inspected the home and indicated to Plaintiffs that "there was nothing that could have been done to prevent it," that he was not qualified to handle the claim, and that he would have someone more qualified look into the matter. *Id.* at ¶¶ 17-19. One week later, the Hambeltons received a letter from Patton stating, that the collapse had been caused by the "expansion of the adjacent soil from the hydrostatic pressure placed on it from the heavy rains, and soil saturation we have in the area currently." Patton added that "based on the information we currently have and the policy language noted above, we are unable to assist you with this loss." *Id.* at ¶¶ 20-21.

The Hambeltons filed this lawsuit against State Farm as well as Lindsey Patton in Greenup Circuit Court alleging that State Farm breached its contract of insurance and violated Kentucky's Consumer Protection Act, KRS.367.110 *et seq.* [Docket No.1-1, Counts I and VI]. Plaintiffs also allege the following claims against both State Farm and its adjuster, Linsdey Patton: negligence and bad faith, under both common law and Kentucy's Unfair Settlement Practices Act ("UCSPA"), KRS.304.12-230 and 304.12-235. *Id.*, Counts II, III, IV, and V. Plaintiffs seek compensatory and punitive damages.

Defendants filed a Notice of Removal alleging jurisdiction pursuant to 28 U.S.C. § 1332, which provides, in pertinent part:

> The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between... citizens of different States;

2

28 U.S.C. § 1332 (a)(1). The requisite amount in controversy does not appear in dispute, as the policy at issue has limits of $75.400 for the dwelling with dwelling extension costs, $56,550 for personal property and actual loss for loss of use. [Docket No. 1].

With regard to citizenship, in its Notice of Removal Defendants state that Plaintiffs are citizens of Kentucky, State Farm is a citizen and domiciliary of the State of Illinois, where it maintains its principal place of business and that Lindsey Patton is a citizen of Kentucky. *Id.* at ¶¶ 10-12.

Defendants acknowledge that absence of diversity of citizenship but claims that the non-diverse Defendant Lindsey Patton was fraudulently joined as a defendant for the specific purpose of defeating federal jurisdiction. They contend that, as Patton was fraudulently joined, his citizenship is not relevant to the jurisdiction inquiry and that this Court may properly exercise jurisdiction over this matter.

## II.

The "party seeking to bring a case into federal court carries the burden of establishing diversity jurisdiction." *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999) (internal citation and quotation marks omitted). There must be complete diversity such that no plaintiff is a citizen of the same state as any defendant. *V&M Star, LP v. Centimark Corp.*, 596 F.3d 354, 355 (6th Cir. 2010) (citing *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005)). However, fraudulent joinder of a non-diverse party does not defeat removal on diversity grounds. *Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 948-49 (6th Cir. 1994).

The relevant inquiry is whether the plaintiff had at least a colorable cause of action

3

against the defendant in state court. *Jerome-Duncan, Inc. v. Auto-By-Tel, LLC*, 176 F.3d 904, 907 (6th Cir. 1999). A colorable cause of action exists if there is "arguably a reasonable basis for predicting that the state law might impose liability on the facts involved." *Alexander*, 13 F.3d at 949. This is a less searching inquiry than that triggered by a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Gibson v. Am. Min. Ins. Co.*, No. 08-118-ART, 2008 WL 4602747, *5 (E.D. Ky. Oct. 16, 2008) (citing *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 852 (3d Cit. 1992)). "If there is a colorable basis for predicting that a plaintiff could recover against the non-diverse defendant, the Court must remand the action to state court." *Appel v. PACCAR, Inc.*, 2006 WL 2873434 (W.D. Ky. Oct. 4, 2006) (citing *Boladian v. UMG Recordings, Inc.*, 123 F. App'x 165, 168 (6th Cir. 2005)). "All doubts as to the propriety of removal are resolved in favor of remand." *Coyne*, 183 F.3d at 493.

### III.

Patton is the only defendant who is a citizen of Kentucky and, therefore, not diverse from the plaintiffs. Accordingly, the Court must determine whether the plaintiffs have asserted any claim against Patton that is at least colorable.

In their Complaint, Plaintiffs allege Patton did not sufficiently inspect the area of collapse for signs of deterioration or other conditions that would have justified payment on the their claim. They further allege in in the letter denying their claim, Patton "disregarded their rights and omitted the relevant language contained in the policy that would have justified the rightful payment of this claim." *Id.* at ¶ 21.

The plaintiffs' claims against Patton include violations of the Unfair Claims Settlement Practices Act ("UCSPA"), Ky. Rev. Stat. § 304.12-230.

The UCSPA prohibits seventeen specific acts or omissions including:

> (1) Misrepresenting pertinent facts . . . relating to coverages at issue; (2) Failing to acknowledge and act reasonably promptly upon communication with respect to claims arising under insurance policies; (3) Failing to adopt and implement reasonable standards for the prompt investigation of claims arising under insurance policies; (4) Refusing to pay claims without conducting a reasonable investigation based upon all available information; . . . (6) Not attempting in good faith to effectuate a prompt, fair and equitable settlement of claims in which liability has become reasonably clear."

Ky. Rev. Stat. § 304.12-230.

Defendants contend that such claims are not viable when asserted against claims adjusters like Patton but, as evident from a review of the relevant case law (including that cited by the parties), this is far from clear. *See e.g., Fugate v. Ohio Cas. Ins. Co.*, No. 16-cv-37-JMH, 2016 WL 3892399, *3 (E.D. Ky. July 13, 2016); *Stacy v. Grange Indemnity Ins. Co.*, No. 14-133-ART, 2014 WL 12605047, *1-2 (E.D. Ky. Dec. 4, 2014); *Gibson*, 2008 WL 4602747, *5 (concluding that defendants failed to show lack of colorable basis for UCSPA claims against insurance adjusters). *But see e.g. Delamar v. Mogan*, 966 F. Supp. 2d 755, 759 (W.D. Ky. 2013); *Wolfe v. State Farm Fire & Cas. Co.*, No. 3: 10-cv-545, 2010 WL 4930680, *3 (W.D. Ky. Nov. 30, 2010) (concluding that contractual obligation must exist between parties to be held liable for bad faith).

The Kentucky Supreme Court's decision in *Davidson v. American Freightways, Inc.*, 25 S.W.3d 94 (Ky. 2000), continues to provide the most persuasive guidance. *See Howard v. Allstate Insurance Company*, No. 5: 14-173-DCR, 2014 WL 5780967, *6-7 (E.D. Ky. Nov. 5, 2014). Under *Davidson*, both the UCSPA and common law bad faith claims apply "to

persons or entities engaged in the business of insurance." *Id.* at \*6 (quoting *Davidson*, 25 S.W.3d at 95). While *Davidson* indicates that a bad faith cause of action requires a contractual obligation, it does not require privity of contract between the plaintiff and defendant. Instead, the Kentucky Supreme Court stated that the UCSPA applies to "insurance companies *and their agents* in the negotiation, settlement, and payment of claims made against policies, certificates or contracts of insurance." *Davidson*, 25 S.W.3d at 98 (emphasis added). Since insurance adjusters are agents of insurance companies who are routinely involved in these activities, they are arguably "in the business of insurance" and potentially liable for bad faith claims. *Howard*, 2014 WL 5780967, \*6-7.

In seeking to remain in this federal forum, Defendants rely upon *Brown v. Indemnity Insurance Company of N.A.*, No. 17-cv- 193-JMH, 2017 WL 30115171 (E.D. Ky. July 14, 2017), in which Judge Joseph Hood denied remand based on the fraudulent joinder of an insurance adjuster. However, in that case, the Court did **not** conclude that joinder was fraudulent because an insurance adjuster cannot be liable for bad faith under Kentucky law. Rather, the Court retained jurisdiction because the plaintiffs had failed to allege any facts on which to base a claim against the adjuster. *Brown*, 2017 WL 30115171, \*3.

Such is not the case here. Plaintiffs allege that, in performing his duties for State Farm, Patton did not conduct a sufficient investigation and misrepresented information, allegations which fall squarely within the purview of the UCSPA.

This is not say that the case against Patton will survive a dispositive motion. That is not for this Court to decide. However, there is a colorable basis for recovery.

**IV.**

The Court "must resolve all disputed questions of fact and ambiguities in the controlling . . . state law in favor of the non-removing party." *Coyne,* 183 F.3d at 493 (internal quotation marks omitted). Any doubts concerning the propriety of removal are resolved in favor of remand. *Id.* For the reasons explained, the defendants have not met the heavy burden of establishing fraudulent joinder.

Accordingly, **IT IS HEREBY ORDERED** that this matter be **REMANDED** to the Greenup Circuit Court.

This 2nd day July, 2018.

Signed By:
*Henry R. Wilhoit, Jr.*
United States District Judge